UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FAY RUBIN, Individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT AMERICA and TRAF GROUP INC.<br><br>Defendants. | Case No.:<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, Fay Rubin, alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendants violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

4. Plaintiff is a resident of Lakewood, New Jersey and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.     Credit America is a corporation doing business in the State of New Jersey, with its corporate headquarters located at 2297 Highway 33 Suite 906, Hamilton Square, New Jersey 08690, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

6.     Credit America is a division of Traf Group Inc. ("Traf")

7.     Traf Group Inc. is a corporation doing business in the State of New Jersey, with its corporate headquarters also located at 2297 Highway 33 Suite 906, Hamilton Square, New Jersey 08690, and it is also a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## **FACTUAL STATEMENT**

8.     On a date better known by Defendant, Plaintiff incurred a debt through leasing music equipment for personal use. The debt is owed to K&S Music.

9.     Plaintiff's debt is considered a "debt" as that term is used and defined under the FDCPA.

10.    In attempt to collect said debt, Credit America sent Plaintiff an initial dunning letter on August 27, 2017. Exhibit A.

11.    The letter stated the following:

K&S Music appreciates your business and would like to see this account brought up to date. If there is an error or another reason you have not paid this bill, please contact K&S Music's Customer Service Dept. at 908-790-0400.

12.    Below this, the letter stated the following:

If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

13. As established by the Third Circuit in *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013), the above two sentences conflict with each other resulting in two different interpretations of the letter.

14. On the one hand, Plaintiff is instructed to call the original creditor to dispute the debt. On the other hand Plaintiff is instructed that she must dispute the debt in writing to the debt collector.

15. These two conflicting instructions result in confusion concerning the consumer's rights.

16. Accordingly, the letter violates the FDCPA.

17. Credit America is a division of Traf Group Inc.

18. Under traditional agency principles, vicarious liability does not require specific acts of control, but rather allows for principals to be held liable for the acts of their agents when the agents are acting in the scope of their authority

19. Credit America violated the FDCPA while acting as an agent on behalf of Traf and acting within the scope of its authority.

20. It is a reasonable inference that one debt collector undertaking debt collection activities on behalf of another is acting within the scope of its authority

21. As such, Traf is vicariously liable for the acts of its agent Credit America in violating the FCPA.

## **CLASS ACTION ALLEGATIONS**

### **The Class**

22. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Credit America which, as alleged herein, are in violation of the FDCPA.

23. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

> (a) all consumers with a New Jersey address; (b) for which Credit America sent a collection letter substantially similar to Exhibit A (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

24. Excluded from the Class is Credit America herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants.

### **Numerosity**

25. Upon information and belief, Credit America has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the State of New Jersey, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26. The letters sent by Defendant Credit America, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

27. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant Credit America's records.

### Common Questions of Law and Fact

28. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Credit America violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Credit America's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Credit America's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

29. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Credit America's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

30. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

31. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

32. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

33. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

34. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

35. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

36. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

38. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

39. Absent a class action, the Class members will continue to suffer losses borne from Credit America's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Credit America's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

40. Credit America has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

41. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

42. Credit America engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(b).

43. Defendant Traf Group Inc. is vicariously liable for Credit America's conduct.

WHEREFORE, Plaintiff, Fay Rubin, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a. Enter an Order declaring Defendants actions, as described above, in violation of the FDCPA;

    b. Enter an Order for injunctive relief prohibiting such conduct in the future;

    c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

    d. Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

  e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

  f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

44. Plaintiff demands a jury trial on all issues so triable.

Dated this 17th day of September, 2017.

          Respectfully Submitted,

          <u>/S/ Daniel Zemel, Esq.</u>
          Daniel Zemel
          **Zemel Law LLC**
          78 John Miller Way, Suite 430
          Kearny, New Jersey 07032
          (P) (862) 227-3106
          dz@zemellawllc.com
          Attorney for Plaintiff